## GUINAN v. WEAVER COAL & COKE CO.

(District Court, S. D. New York. February 25, 1904.)

**1. SHIPPING—DEMURRAGE—DELAY IN ARRIVAL OF CARGO.**

Where respondent, the owner of a cargo of coal to arrive, contracted with libelant to receive the same alongside and transport it to another port, and also notified libelant to have his barges ready on a certain date when the cargo was expected, libelant was entitled to compute lay days from that date, and to demurrage for the excess after the lay days expired before the cargo arrived and his barges were loaded.

**2. SAME—WRONGFUL REFUSAL TO LOAD TENDERED BARGES.**

Evidence *held* to show that barges tendered under a contract to receive a cargo of coal were suitable for the purpose, and that the refusal to load them entitled the contractor to damages.

In Admiralty. Suit for demurrage and damages for breach of contract.

James J. Macklin, for libellant.
Joseph A. Arnold, for respondent.

ADAMS, District Judge. This action was brought by Daniel J. Guinan against the Weaver Coal & Coke Company, to recover damages for breach of a written agreement, entered into between the parties on the 2nd day of February, 1903, as follows:

"The Weaver Coal & Coke Co. agrees to pay $1. per ton alongside on 3,400 tons of coal from ship St. Irene at Erie Basin or thereabouts to New London Conn. 4 days to load and 4 days to discharge on each end $12.00 per day thereafter also 1,000 tons for harbor Freights 30c. per ton alongside demurrage $10 per day after 4 days loading and 4 days discharging."

The libellant, having provided some barges the 4th of February, claims with respect to the New London coal: (1) $300 for demurrage on two barges which were held to the 12th awaiting the St. Irene's arrival; (2) $225.24 for an alleged excess of coal carried above the quantities specified in the bills of lading; (3) $36 for three days' demurrage on the barge Robert McCracken, i. e., from February 14th to 21st, 7 days, less 4 days to which the respondent was entitled; (4) $490.37 for wrongful refusal of the respondent to use the barges Therese and Experiment, tendered by the libellant under the contract; (5) $37, which is claimed with respect to the harbor freights, it being alleged that in consequence of the respondent having failed to furnish more than 630 tons, when 1,000 tons were called for by the contract, the libellant suffered the loss of his profit in transporting 370 tons.

The respondent denies: (1) any liability for demurrage, alleging that there was no detention of the barges before loading, as they were not required before the actual arrival of the steamship and that there was no agreement to employ them before that time; (2) any excess of coal over the quantities specified in the bills of lading; (3) any detention of the McCracken; (4) that there was wrongful refusal to load the Therese and Experiment, it being alleged that they were unsuitable for the business, by reason of their height and length; (5) any loss

¶ 1. Demurrage, see notes to Harrison v. Smith, 14 C. C. A. 657; Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.

to the libellant as he consented to the substitution of an equal amount of coal for New London.

1. When the contract was made the St. Irene was not in port, but she was expected to arrive on the 4th of February, and I find that the libellant was requested to have his discharging barges in readiness at that time. He consequently provided the barges Peter Stultz and James Anderson. The Stultz was subsequently withdrawn and the William Guinan Howard substituted and held subject to the respondent's use. The steamship, however, did not arrive until the 12th. In the meantime, the Robert McCracken was substituted for the Howard. I conclude that the libellant is entitled to some recovery for detention, after allowing for the lay days stipulated for in receiving and discharging, but the extent I shall leave to the commissioner.

2. With respect to the excess of coal over the quantities mentioned in the bills of lading, which were estimated, the evidence is not sufficient to enable me to arrive at a conclusion. The libellant, in this respect, has not sustained the burden of proof, and the claim is disallowed.

3. Whether there was any detention of this boat is a matter of computation, which the commissioner can determine.

4. The testimony satisfies me that the Therese and Experiment were suitable barges, both with respect to height and length, to discharge the steamship in and that they should have been used. There is, therefore, a liability for such damages in this respect, as the libellant suffered by reason of respondent's refusal to load them. The amount is a question for the commissioner.

5. I have been referred to no evidence to sustain the respondent's contention in this respect and find none. The libellant is, therefore, entitled to recover his damages, the amount to be determined by the commissioner.

Decree for the libellant, with an order of reference.